UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-21109-CIV-COOKE/WHITE
Crim Case No. 03-20483-CR-COOKE

DEANA HONEYCUTT,

    Petitioner

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before me upon Petitioner Deana Honeycutt's Motion for Reconsideration of Sentence. (Civ-ECF No. 11). I have reviewed the arguments, the relevant legal authorities and the criminal record of *United States of America v. Andre Dougan, et al*, Case No. 03-CR-20483-MGC. For the reasons explained below, the motion for reconsideration is denied.

**Background**

On July 13, 2004, Petitioner was charged with conspiracy to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B) and 963 (Count I), and conspiracy to possess five kilograms or more of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 846 (Count II). (CR-ECF 607). The Fifth Superseding Indictment also charged Petitioner with two counts of importing five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952(a) and 960(b)(1)(B) (Counts X, XII), and two counts of possessing with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) (Counts XI, XIII) (*Id.*).

On January 21, 2005, Petitioner pled guilty to Count I and was sentenced to a term or imprisonment of 188 months. (*See* CR-ECF Nos. 752, 809).[1]  On April 26, 2007, Petitioner filed a *pro se* motion to vacate her sentence pursuant to 28 U.S.C. § 2255. (Civ-ECF No. 1). On August 20, 2007, the Honorable Patrick A. White, United States Magistrate Judge, issued a Report and Recommendation, which recommended that the motion to vacate sentence be denied. (Civ-ECF No. 7).  On October 30, 2007, I affirmed adopted Judge White's Report and Recommendation and summarily denied Petitioner's § 2255 motion. (Civ-ECF No. 9).  On July 29, 2011, Petitioner filed this motion for reconsideration, asserting that her alleged rehabilitation warrants reconsideration of her motion to vacate sentence. (Civ-ECF No. 11).

## Discussion

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce" the court to reverse its prior decision. *Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1276 (11th Cir. 2005). Courts generally grant motions for reconsideration when there is "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." *Id.*

The procedural posture of this case does not warrant reconsideration of Petitioner's sentence. A motion for reconsideration filed under Federal Rule of Civil Procedure 59(e) "must be filed no later than 28 days after the entry of the judgment." "A motion under Rule 60(b) must be made within a reasonable time" and "no more than a year after entry of the judgment or order

---

[1] The Eleventh Circuit affirmed Petitioner's sentence. *See United States v. Honeycutt*, 181 F.

of the date of the proceeding." Fed. R. Civ. P. 60(c). Petitioner's motion is untimely as it was filed nearly three years after the entry of the order denying her motion to vacate sentence. Moreover, Petitioner has failed to "set forth facts or law of a strongly convincing nature to induce" me to reconsider my prior ruling.[2] Accordingly, I hereby **ORDER and ADJUDGE** that Petitioner's Motion for Reconsideration (Civ-ECF No. 11) is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida this 29th day of August 2011.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Patrick A. White, U.S. Magistrate Judge*
*Counsel of record*

Deana Honeycutt
Reg. No. 23750-056
Federal Correctional Institution
Route 37
Danbury, CT 06811

---

App'x 910 (11th Cir. 2006).
[2] Petitioner *may* seek a modification of her sentence from the Director of Prisons who would, and for good cause shown, petition the Court for a reduction in sentence for good behavior. 18 U.S.C. § 3582(c)(1)(A).